UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KAREN JONES PETERSON                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:10CV-93-S

PUBLIC STORAGE, INC. *et al.*                                                   DEFENDANTS

MEMORANDUM OPINION

Plaintiff, Karen Jones Peterson, filed this *pro se* action against Public Storage, Inc., Hazel Morrow, and Fred Leonow, using a Court-supplied general complaint form. As grounds for filing this case in federal court, Plaintiff states, "Fraud, grand theft, forgery, theft by deseption." Plaintiff alleges that in May 2007 she purchased a unit and signed a rental agreement from Public Storage, Inc. In October 2007, Plaintiff incurred a late payment in the amount of $50.00. Plaintiff alleges that the site manager called relatives demanding money. Plaintiff alleges that in December 2007 she received a letter demanding $357.80 and that she paid $110.00 on December 13, 2007. Public Storage accepted the payment but continued with the auctioning of her property. Plaintiff states that in February 2008 collections agencies "began to write me demanding that I pay them for checks that were written after being sold by Public Storage, Inc. along with the site manager of the facuity." She states that she reported this to law enforcement. As relief, Plaintiff seeks punitive damages, $100,000 in damages, and to "[h]ave Public Storage, Inc. to pay banks and retailers for Checks written after auction."

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and

the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, and the Court will dismiss the action.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

2

In the present case, Plaintiff has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff cites no federal statutes or U.S. Constitutional provisions in support of her claim.  Fraud, grand theft, forgery, and theft by deception are not federal causes of action.  Moreover, Plaintiff's complaint is devoid of any factual allegations that would establish any federal cause of action against Defendants.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship.  *See* 28 U.S.C. § 1332.  To the contrary, Plaintiff and the three Defendants are all citizens of Kentucky.

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*
4411.010